# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**TROY JEFFREY COXTON**

|  |  |
|---|---|
| **Plaintiff,** | **CIVIL ACTION NO. 08-CV-10409** |
| vs. | **DISTRICT JUDGE JOHN FEIKENS** |
| **WM SPECIALTY MORTGAGE, LLC,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **Defendant.** |  |

_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION**: This action should be **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff failed to state a claim upon which relief may be granted.

**II.** **REPORT**:

### A. Facts and Procedural History

This matter was referred to the undersigned to determine this Court's jurisdiction. (Docket

no. 3). This action arises out of the foreclosure of Plaintiff's property located in Detroit, Michigan.

(Docket no. 1). Plaintiff admits that on August 31, 2005 he entered into a mortgage contract with

Argent Mortgage Company, LLC for the purchase of property commonly known as 11680 Ashton,

Detroit, Michigan 48228 (the Property). (Docket no. 1). Defendant WM Specialty Mortgage, LLC

is the holder of the mortgage on Plaintiff's property. (Docket no. 1 at 5). On September 13, 2006

a non-judicial foreclosure on the property occurred. (*Id.*). Plaintiff alleges that he unknowingly

entered into the mortgage contract with Argent Mortgage Company, LLC because he believed he

was "going to be loaned money," but that "[b]anks or financial institutions cannot lend money" and

the "mortgage contract signed is an unconscionable agreement." (Docket no. 1 ¶ 3). Plaintiff

therefore argues that the sheriff's sale was void. (Docket no. 1 ¶ 5). Plaintiff also alleges fraud and

mail fraud under the Racketeer Influenced and Corrupt Organizations (RICO) Act, citing 18 U.S.C. §§ 1341 and 1346. (Docket no. 1 at 4). Plaintiff asks the Court to award him title to the Property and "statutory monetary damages" in the amount of $2,000,000.00. (Docket no. 1).

**B.      Analysis**

**1.      Diversity Jurisdiction**

Plaintiff alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 which gives the District Court original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C § 1332(a). Plaintiff asks for damages in the amount of $2,000,000 but fails to allege damages in this amount. Central to Plaintiff's complaint is a mortgage dated August 31, 2005 in the amount of $75,600.00 for the Property. (Docket no. 1 at 12). The Property was sold at auction on September 13, 2006 at which time the amount due on the mortgage was $77,662.50, including interest. (Docket no. 1 at 6). The documents filed with Plaintiff's Complaint show that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Burton v. Terrell*, 368 F. Supp. 553, 556 (W.D. Va. 1973) (Both the deed in question and correspondence between the parties show that the parcels of property at issue had value exceeding the jurisdictional amount required. There was no certainty that, if Plaintiffs prevailed, they would recover less than the jurisdictional amount required.); *see also Abernathy v. Wilder*, 1988 U.S. Dist. LEXIS 17697 *2-3 (W.D. Mich. Oct. 28, 1988)(citing *Burton*). Plaintiff is a resident of Michigan. All addresses for Defendant show that Defendant is located in either Washington or California. Therefore, the minimum threshold for diversity jurisdiction has been met. Plaintiff's Complaint, however, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**2.      Failure to State A Claim and Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

The Court has a duty to screen complaints filed in civil actions in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). "[T]he court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B). Plaintiff is proceeding *pro se* and *in forma pauperis*. (Docket no. 4).

*a.      Plaintiff's Fraud and RICO Claims*

Plaintiff has failed to sufficiently plead fraud in his Complaint. A "party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Courts have construed this to mean that the time, place, and content of the alleged misrepresentation must be given. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984); *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994). The identity of the person making the misrepresentation must also be given as well as what that person gained by the representation. *See FFOC Co.*, 882 F. Supp. at 659. Plaintiff has not pled his allegations of fraud with particularity. Failure to state a fraud claim with particularity constitutes failure to state a claim. *See id*.

Because Plaintiff failed to properly plead fraud, the claims for fraud and mail fraud under RICO should be dismissed. (Docket no. 1 ¶ 12). These claims may be based to some extent on Plaintiff's contentions that "[b]anks or financial institutions cannot lend money." (Docket no. 1 ¶ 3). Plaintiff alleges that Defendant "is assisting in making loans of credit with the intent of creating credit as money and laundering bank credit that is received directly of indirectly (sic)." (Docket no. 1 ¶ 11). Courts have consistently found that similar allegations fail to state a claim for relief. *See Carrington v. Federal Nat'l Mortgage Ass'n.*, 2005 WL 3216226 (E.D. Mich. Nov. 29, 2005); *Nixon*

3

*v. Individual Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898, 900-01 (N.D. Ind. 1985) (rejecting argument that bank or mortgage company checks are worthless attempts to create "illegal tender").

### b. Plaintiff's UCC Claims

Plaintiff alleges that the mortgage agreement is unconscionable under Uniform Commercial Code (UCC) section 2-302. (Docket no. 1 ¶ 2). The UCC applies to "transactions in goods." U.C.C. §§ 2-102, 2-103, 2-105 (2004); *see also* MICH. COMP. LAWS ANN. §§ 440.2102, .2105 (2008). The provision to which Plaintiff cites does not apply to the sale of realty and Plaintiff has not identified a transaction for the sale of goods to which the UCC provision would apply.

Plaintiff alleges that "[d]efendant does not hold entitlement rights and is not the entitlement holder . . . by virtue of Section 8-501(b)(2) or (3)," presumably referring to UCC section 8-501, which applies to securities accounts and security entitlements. (Docket no. 1 ¶ 10). Plaintiff pleads no facts to which this section would apply. *See* U.C.C. § 8-102(a)(15) (2005); MICH. COMP. LAWS ANN. §§ 440.8102, .8501 (2008).

## C. Conclusion

Plaintiff's Complaint fails to state a claim upon which relief may be granted as a result of the foreclosure proceedings on his Property. This action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 02, 2008          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Troy Jeffrey Coxton  on this date.

Dated: September 02, 2008          s/ Lisa C. Bartlett
                                   Courtroom Deputy

TROY JEFFREY COXTON

          **Plaintiff,**                 **CIVIL ACTION NO. 08-CV-10409**

  **vs.**                           **DISTRICT JUDGE JOHN FEIKENS**

**WM SPECIALTY MORTGAGE,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LLC,**
          **Defendant.**

                        /

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:    This action should be **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff failed to state a claim upon which relief may be granted.

**II.**    **REPORT**:

    **A.**    **Facts and Procedural History**

This matter was referred to the undersigned to determine this Court's jurisdiction. (Docket

no. 3). This action arises out of the foreclosure of Plaintiff's property located in Detroit, Michigan.

(Docket no. 1). Plaintiff admits that on August 31, 2005 he entered into a mortgage contract with

Argent Mortgage Company, LLC for the purchase of property commonly known as 11680 Ashton,

Detroit, Michigan 48228 (the Property). (Docket no. 1). Defendant WM Specialty Mortgage, LLC

is the holder of the mortgage on Plaintiff's property. (Docket no. 1 at 5). On September 13, 2006

a non-judicial foreclosure on the property occurred. (*Id.*). Plaintiff alleges that he unknowingly

entered into the mortgage contract with Argent Mortgage Company, LLC because he believed he

was "going to be loaned money," but that "[b]anks or financial institutions cannot lend money" and

the "mortgage contract signed is an unconscionable agreement." (Docket no. 1 ¶ 3). Plaintiff

therefore argues that the sheriff's sale was void. (Docket no. 1 ¶ 5). Plaintiff also alleges fraud and

mail fraud under the Racketeer Influenced and Corrupt Organizations (RICO) Act, citing 18 U.S.C. §§ 1341 and 1346. (Docket no. 1 at 4). Plaintiff asks the Court to award him title to the Property and "statutory monetary damages" in the amount of $2,000,000.00. (Docket no. 1).

### B. Analysis

#### 1. Diversity Jurisdiction

Plaintiff alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 which gives the District Court original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C § 1332(a). Plaintiff asks for damages in the amount of $2,000,000 but fails to allege damages in this amount. Central to Plaintiff's complaint is a mortgage dated August 31, 2005 in the amount of $75,600.00 for the Property. (Docket no. 1 at 12). The Property was sold at auction on September 13, 2006 at which time the amount due on the mortgage was $77,662.50, including interest. (Docket no. 1 at 6). The documents filed with Plaintiff's Complaint show that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Burton v. Terrell*, 368 F. Supp. 553, 556 (W.D. Va. 1973) (Both the deed in question and correspondence between the parties show that the parcels of property at issue had value exceeding the jurisdictional amount required. There was no certainty that, if Plaintiffs prevailed, they would recover less than the jurisdictional amount required.); *see also Abernathy v. Wilder*, 1988 U.S. Dist. LEXIS 17697 *2-3 (W.D. Mich. Oct. 28, 1988)(citing *Burton*). Plaintiff is a resident of Michigan. All addresses for Defendant show that Defendant is located in either Washington or California. Therefore, the minimum threshold for diversity jurisdiction has been met. Plaintiff's Complaint, however, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**2.**      **Failure to State A Claim and Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

The Court has a duty to screen complaints filed in civil actions in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). "[T]he court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B). Plaintiff is proceeding *pro se* and *in forma pauperis*. (Docket no. 4).

**a.**      ***Plaintiff's Fraud and RICO Claims***

Plaintiff has failed to sufficiently plead fraud in his Complaint. A "party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Courts have construed this to mean that the time, place, and content of the alleged misrepresentation must be given. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984); *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994). The identity of the person making the misrepresentation must also be given as well as what that person gained by the representation. *See FFOC Co.*, 882 F. Supp. at 659. Plaintiff has not pled his allegations of fraud with particularity. Failure to state a fraud claim with particularity constitutes failure to state a claim. *See id*.

Because Plaintiff failed to properly plead fraud, the claims for fraud and mail fraud under RICO should be dismissed. (Docket no. 1 ¶ 12). These claims may be based to some extent on Plaintiff's contentions that "[b]anks or financial institutions cannot lend money." (Docket no. 1 ¶ 3). Plaintiff alleges that Defendant "is assisting in making loans of credit with the intent of creating credit as money and laundering bank credit that is received directly of indirectly (sic)." (Docket no. 1 ¶ 11). Courts have consistently found that similar allegations fail to state a claim for relief. *See Carrington v. Federal Nat'l Mortgage Ass'n.*, 2005 WL 3216226 (E.D. Mich. Nov. 29, 2005); *Nixon*

*v. Individual Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898, 900-01 (N.D. Ind. 1985) (rejecting argument that bank or mortgage company checks are worthless attempts to create "illegal tender").

### b. *Plaintiff's UCC Claims*

Plaintiff alleges that the mortgage agreement is unconscionable under Uniform Commercial Code (UCC) section 2-302. (Docket no. 1 ¶ 2). The UCC applies to "transactions in goods." U.C.C. §§ 2-102, 2-103, 2-105 (2004); *see also* MICH. COMP. LAWS ANN. §§ 440.2102, .2105 (2008). The provision to which Plaintiff cites does not apply to the sale of realty and Plaintiff has not identified a transaction for the sale of goods to which the UCC provision would apply.

Plaintiff alleges that "[d]efendant does not hold entitlement rights and is not the entitlement holder . . . by virtue of Section 8-501(b)(2) or (3)," presumably referring to UCC section 8-501, which applies to securities accounts and security entitlements. (Docket no. 1 ¶ 10). Plaintiff pleads no facts to which this section would apply. *See* U.C.C. § 8-102(a)(15) (2005); MICH. COMP. LAWS ANN. §§ 440.8102, .8501 (2008).

## C. Conclusion

Plaintiff's Complaint fails to state a claim upon which relief may be granted as a result of the foreclosure proceedings on his Property. This action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 02, 2008          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Troy Jeffrey Coxton on this date.

Dated: September 02, 2008          s/ Lisa C. Bartlett
                                   Courtroom Deputy